56 F.3d 1532
 312 U.S.App.D.C. 462
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Arondo VENEY, Appellant,
v.
Walter RIDLEY, et al., Appellees.
 No. 94-7100.
 United States Court of Appeals, District of Columbia Circuit.
 May 23, 1995.
Order on Petition for Rehearing July 20, 1995.
 
 Appeal from the United States District Court for the District of Columbia, No. 92cv01998; Royce C. Lamberth, Judge.
 D.D.C.
 REMANDED.
 Before: EDWARDS, Chief Judge, ROGERS and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on the appeal from a judgment of the District Court, and was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the case is remanded to the District Court.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 MEMORANDUM
 
 4
 Appellant Arondo Veney was charged with assaulting a United States Park Police Officer in violation of D.C.Code Sec. 22-505(b); on December 12, 1990, Veney was found guilty by a jury in Superior Court. On April 22, 1991, pursuant to D.C.Code Sec. 24-301(a), the Superior Court ordered Veney to undergo a competency examination to determine whether he had been competent to stand trial. This action was taken because a Presentence Report indicated that Veney had a history of mental disorders. The Department of Corrections then transferred Veney from the Occoquan Facility, a medium security facility at Lorton, Virginia, where he was then being held, to the D.C. Detention Facility, a facility with a psychological services unit. On June 18, 1991, upon finding that Veney had no mental disorders or management problems, officials at the D.C. Detention Facility recommended that Veney be returned to the Occoquan Facility. However, on July 22, 1991, Veney was transferred from the D.C. Detention Facility to the Maximum Security Facility at Lorton, presumably for classification.
 
 
 5
 A classification committee was convened in July, 1991 to determine Veney's placement. Veney was given an opportunity to appear before the committee, but he failed to do so (for reasons that are not entirely clear). It appears that this committee recommended that Veney be returned to the Occoquan Facility, but with a caveat that he first be held in administrative segregation. Although the record is unclear on this point, there is a suggestion that Veney was placed in administrative segregation because of his lack of cooperation before the committee. Veney was held in administrative segregation for about a month, after which he was transferred by the Department of Corrections to the Occoquan facility.
 
 
 6
 Appellant brought this action under 42 U.S.C. Sec. 1983, claiming that his confinement in administrative segregation at the Maximum Security Facility at Lorton, from July 22, 1991 until August 27, 1991, deprived him of a protected liberty interest established by the Lorton Regulations Approval Act, 28 D.C.R. 865 (1981) ("LRAA"). Appellant contends that, under the LRAA, he had a liberty interest in remaining in the general prison population, and that he could not be removed from that population and placed in administrative segregation without procedural due process. The District Court concluded that there was no clearly established protected liberty interest pursuant to the LRAA at the time Veney was placed in administrative segregation. We think the District Court's conclusion on this point was wrong: under presently established law, the LRAA does give rise to a protected liberty interest in remaining in the general prison population absent due process. However, on the record before us, it is unclear whether Veney was covered by the LRAA so as to gain its protections; and, assuming that he was covered, it is unclear whether he received all the process that he was due. We therefore remand the case to the District Court for further proceedings.
 
 
 7
 In 1982, the Supreme Court held that state law can create a protected liberty interest in remaining in the general prison population. Hewitt v. Helms, 459 U.S. 460, 470-71 (1982) (concluding that under Pennsylvania law establishing procedures for confining inmate to administrative segregation, appellant "did acquire a protected liberty interest in remaining in the general prison population"). Unless the Supreme Court holds otherwise in a case currently before it, see Conner v. Sakai, 15 F.3d 1463 (9th Cir.), cert. granted in part sub nom., Sandin v. Conner, 115 S.Ct. 305 (1994), Veney's liberty interest in remaining in the general prison population absent due process was clearly established at the time when he was placed in administrative segregation.
 
 
 8
 Even if the Court does not overturn Hewitt, however, it would still be unclear whether Veney was covered by the LRAA at the time when he was held in administrative segregation. The suggestion has been made that Veney was merely a "transferee" when he was being held at the Maximum Security Facility at Lorton and, as such, he was not covered by the LRAA. We cannot tell from the record whether Veney was in fact a transferee and, if so, whether this status affected rights otherwise available under the LRAA. The District Court did not reach these questions, and the parties could offer no guidance at oral argument before this court. The District Court will have to address these issues on remand, unless Hewitt is overturned by the Supreme Court.
 
 
 9
 Finally, if Hewitt remains good law, and if the District Court finds that Veney was covered by the LRAA, then the trial court must make clear findings as to the process that appellant received before he was placed in administrative segregation. Without such findings, this court cannot assess whether the process appellant received satisfied "the minimum requirements of procedural due process." Wolff v. McDonnell, 418 U.S. 539, 563, 563-72 (1974); see also Hewitt, 459 U.S. at 466 n. 3 (noting "Wolff required that inmates facing disciplinary charges for misconduct be accorded 24 hours' advance written notice of the charges against them; a right to call witnesses and present documentary evidence in defense, unless doing so would jeopardize institutional safety or correctional goals; the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex; an impartial tribunal; and a written statement of reasons relied on by the tribunal"). The record suggests that Veney was given an opportunity to appear before the classification committee before any decision was made to place him in administrative segregation; but he declined the invitation. We cannot tell whether what he was offered satisfied the requirements of due process, and whether his refusal to appear constituted a waiver of whatever rights he may have had. We leave these matters for consideration by the District Court on remand.
 
 
 10
 BEFORE: EDWARDSm Chief Judge; ROGERS and TATEL, Circuit Judges.
 
 ORDER
 
 11
 July 20, 1995.
 
 Per Curiam
 
 12
 Upon consideration of appellees' petition for rehearing and of the response thereto, it is
 
 
 13
 ORDERED, by the Court, that the proceedings on remand shall be concerned only with defendant Douglas Stempson.